MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
STEPHANIE D. BEDKER ESQ.
Nevada Bar No. 14169
**FREEMAN MATHIS & GARY, LLP**
770 E. Warm Springs Rd. Suite 360
Las Vegas, NV 89119
Tel.: 725.258.7360
Fax: 833.336.2131
Michael.Edwards@fmglaw.com
Stephanie.Bedker@fmglaw.com
*Attorneys for Defendant Sharon Wehrly*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADAM TIPPETTS, CORY FOWLES, MICHAEL CLEVELAND, and ALLEN LYNN,<br><br>Plaintiffs,<br><br>vs.<br><br>NYE COUNTY, a political entity of the State of Nevada; SHARON WEHRLY, individually and in her representative capacity as Sheriff of Nye County; DOE INDIVIDUALS 1 through X, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-01861-JAD-EJY<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY**<br><br>**(SECOND REQUEST)** |

Pursuant to Local Rules IA 6-1 and 26-3, IT IS HEREBY STIPULATED AND AGREED by and among Adam Tippetts, Cory Fowles, Michael Cleveland, and Allen Lynn (collectively, "Plaintiffs"); and Nye County and Sharon Wehrly (collectively, "Defendants") that the current discovery deadlines be extended in the above referenced matter. This is the second stipulation to extend discovery deadlines.

**I.   BACKGROUND**

Plaintiffs – each an officer with the Nye County Sheriff's Office ("NCSO") – allege that they were subjected to various internal investigations, work-related discipline, and other conduct that they believe was retaliatory and arising out of their political support for then Nye County Sheriff Sharon Wehrly's ("Wehrly") political opponent in the 2022 election season. Plaintiffs allege that between

{06694128 / 2}

November 2021 through November 2022, they each provided public support for the political campaign of Joe McGill in his bid for Nye County Sheriff, for which they were subjected to various adverse employment actions, which were either conducted by Wehrly herself or through other Nye County employees who were purportedly acting pursuant to her directives or with her approval.

Based on the forgoing allegations, Plaintiffs have asserted the following causes of action against Wehrly and/or Nye County: (1) First Amendment retaliation; (2) failure to select, train, and supervise personnel; (3) civil conspiracy to violate constitutionally protected rights and to commit defamation; (4) violation of 42 U.S.C. Section 1986 (against Nye County only); (5) violation of Due Process under 42 U.S.C. Section 1983 (against Nye County only); (6) intentional infliction of emotional distress; and (7) violation of the Family Medical Leave Act; and (8) defamation, libel, and slander.

Plaintiffs commenced this action by filing a complaint in this Court on November 3, 2022. [ECF No. 1]. Nye County filed its motion to dismiss on January 30, 2023, and Wehrly filed a motion to dismiss on February 28, 2023. The motions having been fully briefed, the Court heard oral arguments by the parties and dismissed all but one of Plaintiffs' claims. Plaintiffs then filed an Amended Complaint on May 8, 2023 [ECF No. 42], to which Nye County filed an answer and Wehrly submitted a Motion to Dismiss Plaintiffs' Amended Complaint. [ECF Nos. 46, 47]. The Motion to Dismiss having been fully briefed, the parties are awaiting a ruling from the Court. [ECF Nos. 48-49]. As such, Wehrly has not yet filed an answer in this action.

On June 27, 2023, Wehrly filed a counter claim against Plaintiffs for abuse of process, alleging that Plaintiffs filed the underlying complaint for the improper purpose of damaging Wehrly's professional reputation and to cause political damage to her on the eve of an election. [ECF No. 50]. Plaintiffs filed their answer on July 18, 2023. [ECF No. 53].

Nye County filed a partial motion to dismiss the Amended Complaint on August 30, 2023. [ECF No. 54]. Plaintiffs' response in opposition to Nye County's motion is due on September 13, 2023.

**II.    DISCOVERY COMPLETED TO DATE**

On April 12, 2023, Wehrly produced her initial disclosures on April 12, 2023; Plaintiffs produced their initial disclosures on April 20, 2023; and Nye County produced its initial disclosures on

May 10, 2023.

On August 28, 2023, Plaintiffs each propounded the first sets of requests for production, interrogatories, and requests for admission upon Wehrly and upon Nye County. Defendants' responses are due on October 2, 2023.

**III.   DISCOVERY THAT REMAINS TO BE COMPLETED**

The parties will supplement their FRCP 16.1 disclosures as necessary and appropriate, as additional information and documentation are made available in the course of discovery. Specifically, the parties intend to obtain and produce the Plaintiffs' employee files and any evidence related to injuries or damages. Documents may need to be produced subject to a Stipulated Protective Order, as to be negotiated by the parties and approved by the Court.

Prior to disclosing expert reports, the parties anticipate that numerous depositions will be taken, including, but not limited to, Plaintiffs, Wehrly, and percipient witnesses to the underlying allegations, as well as any Rule 30(b)(6) witnesses on behalf of Nye County.

The parties need to designate initial experts and exchange reports after depositions are taken. The parties will then need to conduct the depositions of each other's experts.

The parties intend to serve written discovery requests on each other as needed.

**IV.   REASONS FOR NOT COMPLETING DISCOVERY**

The parties respectfully request this extension to allow written discovery and depositions to take place prior to the initial expert disclosure deadline. This discovery extension is requested based on the complexity of this case, delays associated with present procedural uncertainty, and the need for discovery prior to initial expert designations and reports.

Extensive uncertainty remains as to which claims, allegations, and parties will be proceeding herein. Substantive motions to dismiss have been filed by both Wehrly and Nye County as to the viability of each of Plaintiffs' claims, the resolution of which would limit claims and discovery in this action, or even dismiss the action against them entirely. Nye County's motion to dismiss has yet to be fully briefed by the parties. The parties have been challenged to obtain the information and conduct all necessary depositions in time to serve expert disclosures under the standard deadlines, and the parties submit the

issues in the case and volume of discovery necessary in a case like this constitutes good cause to extend the deadlines. This case involves extensive internal investigations involving four separate employees.

The parties are working to complete discovery within the time period set forth in the initial scheduling order, and this is the second request for extension of discovery deadlines. However, the parties agree that the current discovery deadlines provide insufficient time to complete the remaining discovery and would impose undue time and economic burdens on all parties, particularly given the imminent initial expert disclosure deadline. For example, under the current deadlines, initial expert disclosures would need to be made before the parties are aware of which parties and claims, if any, will be proceeding herein. Such disclosures would need to be served before all party depositions have been completed, which would result in unnecessary supplemental reports, increasing costs to the parties to obtain rush or rough draft deposition transcripts for their experts to review. The initial expert deadline needs to be extended to allow the parties the opportunity to know which experts are even necessary, after which time, the experts will need time to review documents in the preparation of their reports and to render their opinions after receiving the remaining discovery. Accordingly, additional time is needed to conduct the requisite discovery, investigation, and preparation to ensure that his matter is properly adjudicated on the merits.

Given the issues at stake, the general outstanding procedural uncertainty, and the necessary discovery remaining to be completed, the parties respectfully request that the Court order an extension of the existing deadlines, as proposed below.

**V.        PROPOSED MODIFICATION**

Based on the foregoing, the parties jointly seek a modification of the current deadlines as follows:

1. Current Deadlines:

| | |
|---|---|
| Amend the pleading and add parties | June 27, 2023 (passed) |
| Initial expert disclosures | October 25, 2023 |
| Rebuttal expert disclosures | November 27, 2023 |
| Fact discovery cut-off date | December 26, 2023 |

| | | |
|---|---|---|
| | Dispositive motions | January 23, 2024 |
| | Joint pretrial order | February 22, 2024 |

2. ~~Proposed~~ Deadlines:

| | | |
|---|---|---|
| | Initial expert disclosures | January 23, 2024 |
| | Rebuttal expert disclosures | February 26, 2024[1] |
| | Fact discovery cut-off date | March 25, 2024 |
| | Dispositive motions | April 22, 2024 |
| | Joint pretrial order | May 22, 2024 |

This request is made in good faith and not for the purposes of delay.

**IT IS SO STIPULATED.**

DATED this 8th day of September 2023

HUNTLEY LAW

*/s/ Brent D. Huntley*

Brent D. Huntley, Esq.
Nevada Bar No. 12405
8275 South Eastern Avenue, Suite 200
Las Vegas, NV 89123
*Attorney for Plaintiffs*

DATED this 8th day of September 2023.

FREEMAN MATHIS & GARY LLP

*/s/ Michael M. Edwards*

Michael Edwards, Esq.
Nevada Bar No. 6281
Stephanie D. Bedker, Esq.
Nevada Bar No. 14169
770 E. Warm Springs Rd. Suite 360
Las Vegas, NV 89119
*Attorneys for Defendant Sharon Wehrly*

DATED this 11th day of September 2023.

FISHER & PHILLIPS LLP

*/s/ Allison L. Kheel*

Allison L. Kheel, Esq.
Nevada Bar No. 12986
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
*Attorney for Defendant Nye County*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: September 11, 2023

---

[1] 90-day deadline falls on Sunday, February 25, 2024.